IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ROBERT TURNER,

                Plaintiff,

v.

RACINE CITY AND COUNTY,
SAMUEL A. CHRISTENSEN, EMILY BRUNO,
LAURIE HARDY, and JOHN OR JANE DOE CLERK,

                Defendants.

OPINION and ORDER

19-cv-852-jdp

---

Plaintiff James Robert Turner, appearing pro se, is a prisoner at Stanley Correctional Institution. Turner contends that his constitutional rights to due process and access to the courts were violated by Racine County court staff when they failed to reduce a 1991 oral ruling on a postconviction motion in his criminal case into writing, depriving him of a chance to appeal that ruling. Turner has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Turner's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Other than in specialized proceedings like habeas corpus litigation, federal district courts rarely interject themselves into state-court judicial proceedings. It's possible that a

plaintiff could bring a constitutional claim against a state-court clerk who declines to enter an order. *See, e.g., Lowe v. Letsinger*, 772 F.2d 308, 313 (7th Cir. 1985). But Turner can't bring that or any other type of claim about his 1991 motion because far too much time has passed since the violation. For claims like these brought under 42 U.S.C. § 1983, federal courts use the statute of limitations governing personal injury actions in the state where the injury took place. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). At the time of the refusal of the clerk to put the court's oral ruling in writing, Wisconsin had a six-year personal injury statute of limitations. Wis. Stat. § 893.53 (vers. eff. Jul. 1, 1980 to Apr. 4, 2018); *Cannon v. Newport*, 850 F.3d 303, 305–06 (7th Cir. 2017)

A statute of limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002). Turner alleges that the refusal to enter an order happened about 28 years before he filed this complaint.

I do take Turner to be saying that court personnel continues to refuse to enter an order even now, but there's no plausible reason to think that Turner is currently being harmed by this refusal—unless what Turner means is that his appeal would have resulted in his conviction being overturned or his sentence being reduced. But I can't enter an order on this civil-rights case for damages that implies the invalidity of his conviction or current sentences. Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), to recover damages for a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into

2

question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." The correct place for Turner to challenge his conviction or sentences is in the state-court system, or through a petition for writ of habeas corpus in federal court, but only after he exhausts his state-court remedies first. But I caution him that his time to file those types of challenges is also likely long over.

Because I am dismissing the complaint on the basis of Turner's own allegations, this is a dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). Therefore, I must assess Turner a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. Plaintiff is issued a strike under 28 U.S.C. § 1915(g).

Entered January 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge